[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO AMENDED COMPLAINT
This case was filed as a medical malpractice action, alleging that the injuries to the plaintiff occurred as a result of the failure of the defendant to conform to the standard of care in performing certain sinus surgery upon the plaintiff. The complaint also alleges that the injuries resulted because the defendant physician "failed to advise the Plaintiff of the possible side effects or subsequent condition which may arise out of such surgery." Plaintiff's Revised Complaint, Count Three, ¶ 8a, March 27, 1996. As to the defendant medical group with whom the defendant physician was associated, the allegation was that "it failed to receive the Plaintiff's informed consent prior to surgery." Count Five, ¶ 6e.
Since the filing of the revised complaint of March 27, 1996, the plaintiff has determined to abandon or withdraw certain other claims. She filed an Amended Complaint dated March 13, 2001, on the day that jury selection began. It too contains an allegation regarding the lack of informed consent, which the plaintiff and the defendant concede can be understood to encompass the alleged failure of the defendant to inform the plaintiff of the risks associated with the sinus surgery he intended to perform on her to which she consented. In addition, however, the plaintiff has included specific new allegations that the defendant in fact CT Page 3703 performed a procedure upon her to which she had not given authorization or new action sounding in common law battery. The defendant objects to this amended complaint, alleging surprise and prejudice.
The court has carefully reviewed the papers of both sides and has heard argument from counsel. The court is cognizant of the liberal rules regarding pleading and amendments in our practice. Nonetheless the court views Paragraph 9 and Paragraph 10 b., c., and d. of the new complaint as alleging an entirely new cause of action. In fact the entire tenor of the complaint has been changed by the new allegations to a focus on the issue of battery rather than on the negligent failure to inform of the risks and complications associated with the type of surgery to which the plaintiff consented. It is the latter claim of which the defendant had fair notice in order to prepare a defense. To allow a claim for battery — and intentional tort — to be pled now is to allow an entirely new type of claim to be inserted into the case. In this court's view, it is too late for that. The jury has been selected. The evidence in the case is to start on March 27. The court sustains the defendant's objection to the filing of the amended complaint alleging a cause of action for battery. Rather upon the proper filing of a new amended complaint that alleges only a negligent failure to obtain consent based on the failure to inform about the risks and complications of surgery the court will allow it.
Patty Jenkins Pittman, J.